FINANCIAL CREDIT CORPORATION, Plaintiff and Appellant, *v.* AMÉRICO COLÓN BÁEZ, Defendant; JOSÉ R. ÁLVAREZ, Intervener and Appellee.

No. R-66-325.      Decided December 22, 1967.

*Juan Enrique Géigel, Guillermo Silva, Hernán G. Pesquera,* and *Miguel A. Giménez Muñoz* for appellant. *Pagán, Pagán & Pagán* for intervener.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

PER CURIAM: On August 2, 1965, a conditional-sale contract was executed by virtue of which Flamingo Auto Sales sold to Américo Colón Báez a motor vehicle, a 1965 Chevrolet, motor number 166375A112320. Said contract was granted to the Financial Credit Corporation.

On February 23, 1966, the Financial Credit Corporation initiated an action for repossession against the conditional vendee, Américo Colón Báez. It accompanied its petition with a copy of the contract and a note of its presentation for registration in the Department of Public Works. The parties were summoned for the hearing provided by law. On petition of the Financial Credit Corporation, Mr. José R. Álvarez was also summoned to that hearing, as the last person seen having possession of the vehicle object of the proceeding. Neither the defendant nor Mr. Álvarez appeared at said hearing held March 25, 1966. The court entered the Restitution Order on that date.

On June 14, 1966, when the Restitution Order had already become final, and the vehicle had been sold at public auction, Mr. Álvarez filed writings entitled "Allegation Establishing Claim or Defense which is ground for Intervention" and "Request for Intervention." In the first of these writings, Mr. Álvarez alleged that he was owner of the vehicle in question because he purchased it from Flamingo Auto Sales. It was also requested in said petition that the nullity of the attachment to secure the effectiveness of the judgment and the return of the vehicle to the intervener be ordered.

After a hearing on the motion for intervention was held, the court denied it. Subsequently the intervener filed a motion for reconsideration. In this motion he reproduced the

allegations concerning the title of the vehicle object of the repossession.

A hearing was set and held to argue the motion for reconsideration. The least that was done in said hearing was to discuss the propriety of the motion for intervention. On the contrary, the court considered the motion for intervention on its merits, and granted it even though none of the parties presented evidence to sustain their respective contentions. The aforesaid hearing was limited to the following dialogue between the judge and the parties' counsel:

"Judge: There is a motion for reconsideration herein. Do you represent the petitioner-intervener?

Mr. Giménez Muñoz: We represent the plaintiff.

Judge: It is alleged that it was not duly recorded.

Mr. Pagán Pagán: Correct. It involves a vehicle which has never been recorded in the Department of Public Works. I have in my possession the title of this vehicle and the original contract, which was at that time prepared.

Judge: I remember that the other party submitted a document in which it says that it had been received.

Mr. Pagán Pagán: Yes, it was received.

Mr. Giménez Muñoz: The contract has a seal which indicates that it was received.

Judge: In this case the court, in saying 'received,' have you any other evidence to the contrary. The court must consider that received does not mean recorded. Do you have there any evidence to the contrary?

Mr. Pagán Pagán: I wish to add that I made a search in the Department of Public Works. I am informed that they cannot submit certificates because they do not consider the vehicle recorded.

Judge: There is something which is called negative. We understand that you have the original contract.

Mr. Pagán Pagán: Yes, I have it, your Honor.

Judge: It is a strange case, but the preponderance of the evidence is that it is not recorded.

Mr. Pagán Pagán: I have with me a document which was signed in the state of Florida, Miami, and which is the ownership title. Without this document the Department of Public Works does not record.

Judge: The preponderance of the evidence here is that it is not recorded. The reconsideration is granted. The order which had already been entered is set aside—the restitution order in the case. The preponderance of the evidence is that it is not recorded.

Mr. Giménez Muñoz: What we ask the court is to grant the intervention; but not to determine whether the contract is recorded or not. That shall be determined in its due course.

Judge: We are going to give a second opportunity.

Mr. Pagán Pagán: There is an objection.

Judge: The order is in two senses: it sets aside the restitution, and grants the intervention. All this was set for today.

Mr. Giménez Muñoz: Afterwards, if permitted, the evidence shall be presented.

Judge: The order is set aside. Its return is ordered. The intervention is granted. The restitution order is denied, and its return is ordered. Prepare the order." (Tr. Ev. 2 to 5.)

Plaintiff's counsel having stated that he requested the intervention, the order of the court should have been limited to granting the request for intervention and set a day for a hearing of intervener's complaint on the merits. The plaintiff was deprived of having its day in court with respect to the intervener's claim.

The order of September 22, 1966, rendered by the San Juan Part of the Superior Court[1] shall be reversed insofar as (1) it sets aside the repossession order, (2) it orders plaintiff to return the vehicle to the intervener, and (3) it awards $100 for attorney's fees against plaintiff.

The case is remanded for further proceedings.

---

[1] The so-called "Order" is in reality, for legal purposes, a judgment.